[No. 6040.]
## THE CITY OF LOS ANGELES v. LEON McL. BALDWIN ET AL.

CORPUS OF LOS ANGELES RIVER.—The City of Los Angeles is not the owner of the *corpus* of the water in the Los Angeles River.

JUDGMENT CONCLUSIVE OF RIPARIAN RIGHTS.—A judgment determining the rights of parties as riparian proprietors on the same stream of water is conclusive when the conditions remain unchanged.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

Action to quiet title to the waters of the Los Angeles River. The defendants set up title, and pleaded in bar a former recovery. The facts fully appear in the opinion of Mr. Justice RHODES. The defendants had judgment and the plaintiff appealed.

*J. F. Godfrey* and *A. W. Hutton,* for Appellant.

*Howard, Brunson & Howard* and *F. Ganahl,* for Respondents.

By the Court, WALLACE, C. J.:

1. The claim set up by the city in this action—that the city is the owner of the *corpus* of the water in the Los Angeles River—finds no support in the evidence.

2. Nor does the fact that the city is a lower riparian proprietor entitle her to judgment in her favor. The defendants are upper riparian proprietors on the same stream. In the former action between these parties, it was adjudged that the diversion of the water by the defendants, to the extent and in the manner

in which they then diverted it, was such as, being riparian proprietors, they might lawfully make. The conditions do not appear to be different now from what they then were. The diversion by the defendants is the same now as then, and while these conditions continue unchanged the judgment rendered in the former action operates as a bar between the parties here.

Judgment and order affirmed.

Rhodes, J., concurring specially:

In the *former action* brought by the plaintiff against the defendants, the complaint alleged:

That the plaintiff, at a time named, " was and still is entitled to the full and free use and enjoyment of all the water flowing in the River Los Angeles, and to all waters flowing in the ditch hereinafter mentioned, and in the full, free, and exclusive use of said ditch," (the Canal and Reservoir Company's ditch); that the plaintiff was in the actual use and enjoyment of a portion of the waters of the river—three irrigating heads—through and by means of the ditch; that the defendants did and still continue wrongfully to divert the waters from the ditch, and use and consume the same upon their own lands, to the plaintiff's damage, etc.

It is further alleged that the Pueblo de Los Angeles was from its first settlement, about the year 1770, up to the incorporation of the City of Los Angeles, entitled to the use of all the waters of the river, and did claim and use the same; that the city succeeded to all the rights therein of the pueblo; that the Canal and Reservoir Company constructed a reservoir in the city, and a ditch leading from the river to the reservoir, which, at the commencement of that action, were in the possession of the plaintiff, under a lease from said company, and were used by the city to supply its inhabitants with water; that the defendants claim an interest in the Rancho Los Feliz, situated on the river, and are in possession of portions thereof, and deny the plaintiff's right to the waters of the river; that they have diverted the waters from the ditch, upon their own lands, and threaten to continue so to do. The prayer was for an injunction and for damages.

The answer denies the plaintiff's alleged ownership and right to use or appropriation of the water of the river, or the water flowing in the ditch. It also avers the grant of the Los Feliz Rancho in 1843, the issue of a patent for the same in 1858, and the acquisition of the title by the defendants; and avers that they, as riparian proprietors, are entitled to the reasonable use of the waters of the river for irrigation and domestic uses; that they have never taken more than such reasonable amount, and that they and their grantors have continuously, since 1853, claimed and used the water flowing in the ditch, to the amount of two irrigating heads. It also alleges that the grantors of the defendant constructed the ditch from the river to and upon the rancho; that they afterwards granted the same to the Canal and Reservoir Company, subject to certain conditions and covenants; that the company extended the same to the reservoir, and afterwards leased the same to the city, and that by virtue of those covenants and conditions they were entitled to take from the ditch all the water necessary for the irrigation of the rancho, which has never exceeded two irrigating heads. The defendants also set up the Statute of Limitations.

The Court found that the Los Feliz Rancho was granted by the Mexican Government in 1843; that a patent, in pursuance of the decree of confirmation of the title to the rancho, was issued in 1858; that it is bounded on the east by the river; that the defendants—who have been the owners of the rancho since 1871—and their grantors have, since the grant of the rancho, continuously claimed and exercised the right to take water from the said river for the purpose of irrigating the rancho, adversely to the " plaintiff and the whole world "; that they have not taken more than their fair proportion of water for irrigation, as riparian proprietors.

It is also found that the ditch and right of way were granted as stated in the answer—reserving the right to use from the ditch all the water necessary to irrigate the rancho—and that the plaintiff is the lessee of the ditch, and has no other right therein than as such lessee.

It is further found that at the commencement of the action the city had a surplus of water, above what was needed for ir-

rigation in the city, which it was selling for irrigating lands without the city; and that there is a surplus of water in the ditch over and above the needs of the city.

There is no finding as to the right or title of the city in or to the waters of the river.

Judgment was given that the plaintiff take nothing by the action, and that defendants recover their costs.

The complaint in the *present action* states that the plaintiff is, and for a long time has been, the owner of the waters of the river, and is entitled to the full, free, and exclusive use of the waters of the river and the waters flowing in the ditches connected with the river, and has the right to regulate and control the use and distribution thereof. The remainder of the complaint is in the usual form of actions to quiet title to real estate.

The answer denies the exclusive right of the city to the waters of the river, or the waters flowing in the ditches connected therewith, and denies the right of the city to regulate and control the use or distribution of the waters.

The answer, like that in the former action, sets up the title of the defendants to the Los Feliz Rancho, derived through the grant, the confirmation of the title, and the patent issued in pursuance of the decree of confirmation: and states that the rancho is bounded on the east by the river; that the grantees of the rancho and their assigns since the grant have continuously claimed and exercised the right, adversely to the plaintiff and all the world, to use the waters of the river for irrigation; and that they have not taken more than their fair proportion of the waters, to wit, two irrigating heads. As in the former action, the answer states the construction of the ditch, the grant of the same and the right of way for its extension to the Canal and Reservoir Company, its extension by the company to the city, a lease of the same by the company to the city, the reservation in the grant to the company of the right on the part of the defendants to take from the ditch all the waters necessary for the irrigation of the lands of the rancho; and avers that the right of the city to the waters of the ditch are derived from the lease. It also avers that the city had a surplus of waters, both of water flowing in the ditch, and of that which is taken from

the river by other ditches, above the amount needed for irrigation in the city, which it is selling to parties for use without the city.

The answer sets up in bar the former judgment, and the Statute of Limitations.

The Court found that the former action was brought for " substantially the same cause of action as that set forth in the complaint herein ; that there was put in issue the right of the defendant to appropriate and use upon the Los Feliz Rancho the amount of˙water then used by them from the river, to wit, two irrigating heads; that said issue was material, and was determined in favor of the defendants ; that all the issues presented by the pleadings in this action, except that of former recovery, were presented by the pleadings in the former action ; that they were material issues, and were determined in favor of the defendants by the judgment in the former action."

The Court also found the other facts in issue in substantial conformity with the findings in the former action—and among others, that since 1871 the defendants have continuously claimed and exercised the right to appropriate and use the waters to the extent of two irrigating heads, adversely to the plaintiff.   It is also found that the plaintiff has shown no grant of the waters of the river other than such as inured to it from the fact that the river flowed through the lands of the pueblo and of the city ; also, that of the waters conducted into the city there is a surplus, which the city is selling to parties without the city.

The action is an action to quiet the title of the city to all the waters of the river.   The defendants did not distinctly disclaim as to any of the waters of the river, but they set up their right as riparian proprietors, alleging that as such they were entitled to a reasonable proportion of the waters, and that two irrigating heads constituted such reasonable proportion ; and they rely upon the former recovery as a definitive determination of their right to that amount of water.   The defendant's title to that amount of water was distinctly put in issue in the former action, and was tried and determined, and was determined in their favor.   The record presents the question whether the find-

ing in that regard is sustained by the evidence ; but it is unnecessary at this time to inquire into the source, nature, or extent of the right or title of the city to the waters of the river, for whatever may be the facts in those respects, the judgment in favor of the defendants must be construed only as a determination that as against the city the defendants are entitled to appropriate and use two "irrigating heads" of the waters of the river. That finding is, in our opinion, fully sustained by the evidence, the most material portions of which have been recapitulated.

In that action the plaintiff sought a recovery on the distinct ground of title, and claimed damages for the diversion of the water, and an injunction to restrain its further diversion, on the ground of the exclusive right in the plaintiff to appropriate and use all the waters of the river. The defendants based their claim to divert and appropriate the waters, not only on a denial of the plaintiff's right, but also on the grounds that they possessed the right, as riparian proprietors, and had acquired the title by adverse use or prescription. The Court did not find what title or right in or to the waters the plaintiff possessed; but it distinctly found that the defendants were entitled, as riparian proprietors, to the amount of water appropriated by them, and that they had been in continuous adverse use and enjoyment of the same for more than the period of the Statute of Limitations. In ordinary controversies between parties claiming only as riparian proprietors on the same stream of water, a judgment determining that at a given time the parties are entitled to appropriate the waters in certain proportions is not necessarily conclusive in a subsequent action ; for the facts upon which rests the determination as to the proportion of the waters to which the parties are entitled may be materially different at the second trial. The judgment may have been given on the ground that, notwithstanding the diversion complained of, the plaintiff may have been in the enjoyment of all the water he could use, or that the defendant diverted water for which he had no need in connection with his lands. In other words, where the parties claim merely as riparian proprietors, the proportions to which they may respectively be entitled may vary from time to time, in accordance

with the facts existing at the respective times. But the right which one party possesses, or some portion thereof, may be transferred to another, so that the latter may hold it absolutely, as against the former, without regard to any rule of equitable apportionment as between riparian proprietors. Prescription which proceeds on the presumption of a grant will as effectually vest the right which has been held adversely as an express grant of such right. In the former action, the Court found in favor of the defendants, upon the issue of adverse possession— which, as applied to running waters, is denominated prescription—to the extent of "two irrigating heads," and that finding, and the judgment thereon, is conclusive in this action in respect to the same amount of water—that being the amount or proportion of water which is claimed in this action by the defendants. It has that effect under the operation of the rule applicable to judicial proceedings, that the determination of a material fact directly involved and actually put in issue in an action is conclusive between the same parties in any future litigation directly involving the same fact.

In view of the effect here given to the finding and judgment in the former action, it would be useless, as already said, to attempt to ascertain or define the source, nature, or extent of the right claimed or enjoyed by the pueblo or the city; for the decision in those respects would bind neither the city nor any other persons with whom the city may have controversies concerning the right to the use of the waters of the river.

In my opinion the judgment and order should be affirmed.

Mr. Justice CROCKETT did not express an opinion.